# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mohammed H., | Civ. No. 25-1576 (JWB/DTS) |
| Petitioner, | |
| v. | |
| Donald J. Trump, *in his official capacity as President of the United States*; Pamela Bondi, *in her official capacity as Attorney General of the United States*; Peter Berg, *in his official capacity as Saint Paul Field Office Director, United States Immigration and Customs Enforcement*; Jamie Holt, *in her official capacity as St. Paul Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement*; Todd Lyons, *in his official capacity as Acting Director, United States Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary of the United States Department of Homeland Security*; Marco Rubio, *in his official capacity as Secretary of State*; Ryan Shea, *in his official capacity as Freeborn County Sheriff*; and Mike Stasko, *in his official capacity as Freeborn County Jail Administrator*, | **ORDER EXTENDING TEMPORARY RESTRAINING ORDER** |
| Respondents. | |

---

Amanda S. Mills, Esq., Anupama D. Sreekanth, Esq., and Joseph T. Dixon, III, Esq., Fredrikson & Byron, P.A.; Benjamin Casper, Esq., and Teresa J. Nelson, Esq., American Civil Liberties Union of Minnesota; Hanne Margit Sandison, Esq., The Advocates for Human Rights; and Linus Chan, Esq., University of Minnesota Detainee Rights Clinic, counsel for Petitioner.

Ana H. Voss, Esq., United States Attorney's Office, counsel for Respondents Donald J. Trump, Pamela Bondi, Peter Berg, Jamie Holt, Todd Lyons, Kristi Noem, and Marco Rubio.

David John Walker, Esq., Freeborn County Attorney's Office, counsel for Respondent Ryan Shea.

---

On April 22, 2025, a Temporary Restraining Order ("TRO") was entered enjoining Respondents from removing, transferring, or otherwise facilitating the removal of Petitioner Mohammed H. from the District of Minnesota pending further proceedings on his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 15.) Now under consideration is whether that TRO should be converted into a preliminary injunction under Federal Rule of Civil Procedure 65(a) or continued in temporary form under Rule 65(b)(2).

This Court finds good cause to continue the existing TRO. The record continues to present serious constitutional questions regarding the lawfulness of Petitioner's detention and the potential chilling effect of the Government's enforcement actions on protected expression. A more detailed recitation of the background facts can be found in the Court's previous Orders. (*See* Doc. Nos. 15, 29.) Petitioner was arrested after making public pro-Palestinian statements, and the stated basis for detention has shifted repeatedly—from a failure to maintain status to a national security provision and then to visa revocation—none of which were contemporaneously explained or supported by factual findings. The Government has not submitted any declaration or evidence sufficiently rebutting the alleged chronology or motive.

Transfer or removal during the pendency of these proceedings would irreparably frustrate the Court's ability to adjudicate Petitioner's claims. And the risk is not

2

theoretical. Similar cases in this District have noted that removal could be pursued before litigation can be resolved. *See Ziliang J. v. Noem*, Civ. No. 25-1391 (JMB/JFD), Doc. No. 13 at 6 (D. Minn. Apr. 17, 2025) (finding good cause to issue TRO without notice due to "a real risk that plaintiff might be detained or deported without notice and before he can serve defendants"); *Ratsantiboon v. Noem*, Civ. No. 25-1315 (JMB/JFD), Doc. No. 20 at 3–4 (D. Minn. Apr. 15, 2025) (granting TRO where student faced "imminent prospect" of loss of lawful status and risk of removal absent emergency relief).

Good cause also exists to issue this Order without notice to Respondents under Fed. R. Civ. P. 65(b)(1)(A). DHS terminated Petitioner's SEVIS record without notice, explanation, or opportunity to contest the action. He was arrested without warning and remains in custody, unable to obtain scheduled medical care for serious abdominal hernias. (Doc. No. 1-1, Petitioner Decl. ¶¶ 13–25; *see also* Doc. No. 25, Petitioner 3d Decl. ¶¶ 1–7). If the Court were to require notice and await formal briefing, Petitioner could be removed from the jurisdiction—or from the country—without a meaningful opportunity to be heard or before the Court is made aware. Under these circumstances, this Court finds that immediate and irreparable injury reasonably can be anticipated to occur before Respondents can be heard in opposition.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. The April 22, 2025 Temporary Restraining Order (Doc. No. 6) is **EXTENDED** for good cause under Federal Rule of Civil Procedure 65(b)(2) until May 20, 2025, at 4:53 p.m., unless extended by further court order.

2. Respondents, or any person acting in concert with Respondents, shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the jurisdiction of this Court (the District of Minnesota) pending further court order.

3. This Order does not resolve any pending claims other than to maintain the status quo pending final adjudication.

Date: May 5, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge