**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Mohammed H., | Case No. 25-cv-1576 (JWB/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Donald J. Trump, et al., | |
| Respondents. | |

---

## INTRODUCTION

Petitioner Mohammed H. moves for an order to show cause as to why the Government should not be held in contempt for violating this Court's habeas order requiring that he remain released from custody. Dkt. No. 43. He seeks an evidentiary hearing and the imposition of civil contempt sanctions. *Id.* For the reasons set forth below, the Court recommends the motion be denied.

## FACTS

In March 2025, Department of Homeland Security (DHS) agents detained Mohammed H. on the ground that his F-1 visa had been revoked. Pet. ¶ 1, Dkt. No. 1. On April 9, 2025, an Immigration Judge (IJ) conducted a bond hearing and ordered Mohammed H. be released on bond. *Id.* ¶ 72. Despite that order, Mohammed H. remained in DHS custody. *Id.* ¶ 73. As a result, he filed a Petition for Writ of Habeas Corpus seeking his immediate release. *See generally id.* at 26.

In May 2025, the Court ordered Mohammed H. be released on bail pending the adjudication of the petition. *See* Dkt. No. 29. The Court granted the habeas petition on June 17, 2025, and ordered that Mohammed H. "shall remain released from custody,

subject to the conditions previously imposed by the [IJ.]" Dkt. No. 36 at 17. Nevertheless, on January 15, 2026, Immigration and Customs Enforcement (ICE) agents arrested Mohammed H. and transported him to Fort Snelling, Minnesota. Hussain Decl. ¶¶ 4-5, Dkt. No. 51. Mohammed H. remained in custody for approximately seven hours before being released. *Id.* ¶ 5.

Mohammed H. now moves for an order to show cause why the Government should not be held in contempt for violating the Court's habeas order. Dkt. No. 43. He requests that the Court hold an evidentiary hearing and order the Government to (1) produce the agents who arrested and transported him on January 15, 2026, to testify in person, subject to cross-examination, and (2) produce any video footage of his January 15, 2026, arrest and transport, and any policies applicable to his arrest and detention. *Id.* at 2. In his reply, Mohammed H. further argues that, even absent an evidentiary hearing, the Court should impose coercive contempt sanctions, modify the habeas order to ensure compliance, and award attorney's fees. Pet'r's Reply 10, Dkt. No. 53. The Government opposes the motion, arguing that the relevant facts are largely undisputed and that it promptly released Mohammed H. from custody upon learning of the Court's order. Gov.'s Mem. in Opp'n 1, Dkt. No. 50. Thus, it contends that neither an evidentiary hearing nor contempt sanctions are warranted. *Id.*

## ANALYSIS

Federal courts possess certain inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). That includes the power to issue sanctions when a party violates a court order.

*Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). Such civil contempt sanctions may be imposed "to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Id.* at 504–05. "A civil-contempt sanction, however, must not be punitive." *Walman Optical Co. v. Quest Optical, Inc.*, No. 11-cv-96, 2012 WL 3248150, at *8 (D. Minn. Aug. 9, 2012) (citing *United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 830–31 (1994)).

Mohammed H. seeks civil contempt sanctions based on his allegation that ICE agents entered his home and arrested him without a warrant, notwithstanding the Court's prior order requiring that he "shall remain released from custody[.]" *See* Pet'r's Mem. 1-2, Dkt. No. 44. The Government does not address Mohammed H.'s allegation that the ICE agents acted without a warrant. *See generally* Hussain Decl. Instead, it disputes only whether the arresting agents were aware of the Court's order at the time of the arrest. *See* Gov.'s Mem. in Opp'n 2.

The Government acknowledges that the arresting agents knew Mohammed H. was in removal proceedings based on the system they consulted at the time of the arrest. Hussain Decl. ¶ 4. It contends that this system, however, did not reflect the Court's May 2025 order releasing him on bail. *Id.* ¶ 6. The Government asserts that this order was noted in a separate system that was not checked by the arresting ICE agents. *Id.* The Government does not state whether the IJ's April 2025 bond order or the Court's June 2025 habeas order appeared in the system the arresting agents did access, nor does it explain why the system containing the Court's May order was not consulted. *See generally id.*

Mohammed H.'s allegations raise serious concerns. He was arrested despite multiple judicial orders requiring his release. Even accepting the Government's assertion that the arresting agents were unaware of the Court's order, ignorance resulting from a failure to consult available systems does not excuse the Government's noncompliance. Moreover, Mohammed H.'s allegations reflect a recurring pattern of ICE failing to comply with court orders and conducting warrantless entries into private residencies. *See* Order at 2, *Juan T.R. v. Noem*, No. 26-cv-107, (D. Minn. Jan. 28, 2026) (Dkt. No. 10) (identifying "96 court orders that ICE has violated in 74 cases."); *see also* Rebecca Santana*, Immigration Officers Assert Sweeping Power to Enter Homes Without a Judge's Warrant, Memo Says*, AP News (Jan. 21, 2026) https://apnews.com/article/ice-arrests-warrants-minneapolis-trump-00d0ab0338e82341fd91b160758aeb2d.

Nonetheless, civil contempt sanctions are not an appropriate remedy. To the extent Mohammed H. seeks compensatory sanctions, such relief must be designed to remedy an actual, identifiable loss resulting from the noncompliance. *Walman Optical Co.,* 2012 WL 3248150, at *8. Compensatory sanctions are not appropriate where the only alleged injury is emotional distress. *McBride v. Coleman*, 955 F.2d 571, 577 (8th Cir. 1992). Although Mohammed H.'s arrest and brief detention were undoubtedly distressing, he has not identified any tangible loss that a compensatory sanction could redress. Accordingly, compensatory sanctions are unwarranted.

Coercive sanctions are likewise inappropriate. Such sanctions are intended to compel compliance with a court order and thus can be "avoided or purged" through compliance. *Jake's Ltd., Inc. v. City of Coates*, 356 F.3d 896, 902 (8th Cir. 2004); *see also United Mine Workers*, 512 U.S. at 827 (holding coercive sanctions are "avoidable

through obedience"). Here, once the Government became aware of the Court's habeas order, it released Mohammed H. from custody. Because the Government is now in compliance with the Court's order, there is no ongoing violation for a coercive sanction to remedy. Moreover, while coercive sanctions may be designed to coerce future compliance, *Chicago Truck Drivers*, 207 F.3d at 505, the Government has indicated that it "intend[s] to comply…with this Court's Order[.]" Gov.'s Mem. in Opp'n 4. Accordingly, the Court finds coercive sanctions to be unwarranted.

Because the existing record alone is sufficient to resolve the contempt motion, an evidentiary hearing is unnecessary. *See In Re Reed*, 888 F.3d 930, 938 (8th Cir. 2018).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT Petitioner Mohammed H.'s Motion for Order to Show Cause (Dkt. No. 43) be DENIED.

Dated: February 6, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).