**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Mohammed H.,

     Petitioner,

v.

Donald J. Trump, *et al.*,

     Respondents.

Civ. No. 25-1576 (JWB/DTS)

**ORDER**

On June 17, 2025, Petitioner Mohammed H.'s habeas petition was granted, and Petitioner was ordered released from immigration custody subject to previously imposed conditions. (Doc. No. 36.) That order remained operative at all times relevant to the January 15, 2026 arrest at issue here.

On January 15, 2026, agents from U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner at his residence and transported him to Fort Snelling for processing notwithstanding the prior order. Petitioner was detained for several hours before being released later that day. Respondents have acknowledged that the arrest occurred despite the prior order but asserted that the order had not appeared in the systems consulted before the arrest. (Doc. No. 51 ¶ 6.) Petitioner asserts that Respondents were expressly made aware of the prior order before the arrest and disregarded it.

On April 10, 2026, the Report and Recommendation concerning Petitioner's request for sanctions against Respondents was partially adopted. The matter was set for a limited evidentiary hearing to determine whether any additional prospective relief or

procedural safeguards are warranted in light of the circumstances surrounding Petitioner's January 15, 2026 arrest notwithstanding the June 17, 2025 habeas order. (Doc. No. 60.) The parties were directed to exchange witness and exhibit information. Further, Respondents were directed to produce records and information bearing on the circumstances of the January 15 arrest, including records sufficient to identify the officers involved in the arrest, the systems or databases claimed to have been consulted beforehand, records reflecting Petitioner's custody status at the time, and documentation reflecting steps taken afterward to ensure appropriate compliance with operative court orders in future enforcement actions. (*Id.* at 5–6.)

Petitioner now represents that Respondents' disclosures consisted primarily of a narrative description of anticipated testimony, did not include production of underlying records or identifying information contemplated by the prior order, and identified only a supervisory witness for hearing. (Doc. No. 66.) Petitioner further represents that Respondents declined to produce certain records on asserted privilege grounds. (*Id.*) Respondents have not yet responded to those assertions.

The evidentiary hearing remains limited in scope. The issue is not whether the completed January 15 detention can now be undone. It cannot. Nor does this order address Respondents' present immigration detention authority in light of subsequent legal developments. The issue instead is whether additional prospective measures or procedural safeguards are warranted in light of the circumstances surrounding Petitioner's January 15 arrest and the record concerning Respondents' compliance with the then-operative order.

The rule of law depends on compliance with operative judicial orders unless and until those orders are modified, stayed, or vacated through established legal process. Parties may not unilaterally decline to comply with court orders based on their own assessment of intervening legal developments or their view of what the law ultimately requires. Resolving the present issue therefore requires a meaningful factual record concerning the circumstances of the January 15 arrest, the systems and processes that led to it, and the steps—if any—taken afterward to avoid similar events in future enforcement actions involving operative court orders.

To the extent that Respondents have limited their disclosures to narrative descriptions rather than production of responsive records or identifying information contemplated by the prior order, such disclosures do not satisfy the April 10 Order, which contemplated production of the underlying records and identifying information necessary to permit meaningful examination of the issues set for hearing. Likewise, generalized assertions of privilege, without sufficient information to permit evaluation of the claim, will not suffice where responsive records have been ordered produced.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1.      The evidentiary hearing set for June 2, 2026, remains as scheduled.

2.      No later than 12:00 p.m. on May 27, 2026, Respondents must supplement their disclosures and produce the materials previously ordered.

3.      The supplemental production shall include records sufficient to identify the officers involved in the January 15, 2026 arrest and transport; the systems, databases, or

3

records consulted prior to the arrest; records reflecting Petitioner's custody or release status at the time of arrest; and any documentation authorizing or approving the arrest. Respondents must also produce any available body-worn camera recordings or comparable recordings relating to the arrest or transport, together with any records reflecting steps taken after the incident to ensure appropriate compliance with operative court orders in future enforcement actions. Production may be made under seal where necessary to facilitate the exchange of evidence.

4.      To the extent that Respondents withhold any responsive material on the basis of privilege or other protection, Respondents must simultaneously provide a privilege log or comparable description sufficient to permit evaluation of the claim.

5.      Respondents shall identify, no later than 12:00 p.m. on May 27, 2026, the witnesses they intend to present at the evidentiary hearing, including at least one witness with firsthand knowledge of the January 15, 2026 arrest and the systems or records consulted before that arrest.

6.      No later than 12:00 p.m. on May 28, 2026, Petitioner may file a letter, not exceeding five pages, identifying any remaining deficiencies in Respondents' production.

7.      No later than 12:00 p.m. on May 29, 2026, Respondents may file a response, not exceeding five pages.

8.      Any remaining disputes will be resolved on an expedited basis, and the evidentiary hearing procedures may be modified as necessary to ensure a complete and efficient record.

9.      No depositions will be permitted at this stage absent further order.

5

10.    The parties may file simultaneous post-hearing memoranda, not exceeding 15 pages, within seven days after the evidentiary hearing. The memoranda shall address whether any additional prospective relief or procedural safeguards are warranted and, if so, the appropriate scope of such relief.

Date: May 22, 2026                              *s/ Jerry W. Blackwell*
                                                JERRY W. BLACKWELL
                                                United States District Judge